```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
FELIX RODRIGUEZ,

                Plaintiff,
                                           MEMORANDUM AND ORDER
        - against -
                                             16 Civ. 9604 (NRB)
NEW YORK CITY DEPARTMENT OF HOMELESS
SERVICES SERGEANT CHRISTOPHER ROBINSON,

                Defendant.
---------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Felix Rodriguez brings this action against New York City Department of Homeless Services Sergeant Christopher Robinson, asserting excessive use of force under 42 U.S.C. § 1983. Following the parties' unsuccessful efforts to resolve this dispute through mediation and settlement negotiations, this case is scheduled for a bench trial on November 13, 2019.

Presently before the Court are defendant's motions *in limine* seeking various evidentiary rulings in advance of trial. See ECF No. 47. Specifically, defendant moves to preclude plaintiff from: (1) introducing evidence or soliciting testimony of any witnesses' disciplinary records and any lawsuits to which that witness was or currently is a party; (2) testifying or introducing evidence about the causation of any alleged injuries; (3) mentioning unrelated claims of officer misconduct; and (4) arguing or submitting

evidence that the officer, by his actions, created the need to use force or, by his appearance or actions, exacerbated or escalated the situation. Defendant also seeks to preclude plaintiff from using certain "terminology and colloquialisms." Id. at 8.

**Legal Standard**

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted). A district court's ruling on a motion *in limine* is "subject to change when the case unfolds," Luce v. United States, 469 U.S. 38, 41 (1984), "and the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Id.

**Discussion**

As a preliminary matter, because plaintiff does not oppose defendant's motion *in limine* to preclude mention of unrelated purported instances of misconduct or defendant's motion *in limine* to preclude plaintiff from arguing or submitting evidence that the officer "by his actions, created the need to use force or by his appearance or actions exacerbated or escalated the situation," ECF

No. 47 at 9, the Court need not rule on those motions. With respect to the contested motions, the Court rules as follows.

Defendant moves to preclude plaintiff from introducing evidence or testimony concerning a prior disciplinary proceeding involving the defendant. We grant the motion insofar as it is predicated on Federal Rule of Evidence 404(b),[1] since admission of extrinsic acts as evidence of a pattern or practice under Rule 404(b) is only permitted if those acts share "unusual characteristics" with the acts alleged or represent a "unique scheme." Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991). However, defendant's prior conduct does not share the requisite "unusual characteristics" with the acts alleged in this case or otherwise reflect a "unique scheme" of behavior. Id.

Nonetheless, we deny the motion to preclude insofar as there was a finding in the disciplinary proceeding that the defendant made certain false statements. ECF No. 47 at 3 n.1. Pursuant to Federal Rule of Evidence 608(b), plaintiff may ask questions on cross-examination insofar as such evidence is "probative of the character for truthfulness or untruthfulness." Fed. R. Evid. 608(b).

---

[1] Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b).

Defendant also seeks to preclude plaintiff from testifying that defendant's actions caused plaintiff's rib fractures on the grounds that expert evidence is required to establish any such causal connection. ECF No. 47 at 6. Because plaintiff is entitled to testify about his belief as to the causation of his injuries, this motion is denied. Whether such testimony would be sufficient to meet plaintiff's burden of proof as to the existence of causation between any purported use of force and plaintiff's alleged injuries is a separate matter upon which we reserve decision.

Finally, the Court reserves decision on defendant's request to bar plaintiff or counsel from referencing such terms as "testilying" and "blue wall of silence." ECF No. 47 at 8. Since this is a non-jury trial, the concerns of prejudice and confusion are of little consequence. However, as it is difficult to discern whether the references would be in the context of testimony or argument, we reserve decision.

**SO ORDERED.**

Dated: New York, New York
November 7, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE